Law Library

**IN THE SUPERIOR COURT
OF GUAM**

THE PEOPLE OF GUAM,　　　　　　 )　　CRIMINAL CASE No. CF 0409-12
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
　　　　v.　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )　　**DECISION AND ORDER**
　　　　　　　　　　　　　　　　 )　　On People's Motion to Permit
BRIAN J. TENORIO,　　　　　　　 )　　Introduction of Prior Bad Acts
　　　　　　　　　　　　　　　　 )
　　　　　　　　Defendant.　　　 )
　　　　　　　　　　　　　　　　 )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on October 5, 2012 on the People's Motion to Permit Introduction of Prior Bad Acts. The People of Guam were represented by Assistant Attorney General Brian Gallagher. The Defendant was represented by Assistant Public Defender Richard Dirkx. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the People's Motion.

## FACTUAL HISTORY

The Defendant was indicted on July 12, 2012 on felony charges of *First Degree Criminal Sexual Conduct* and *Kidnapping*. The charges arise from the allegation that the Defendant unlawfully pulled a six year-old girl into his home and engaged in sexual penetration with the child. At the time of the alleged crime the Defendant, a registered sex offender, was serving parole for an earlier criminal sexual conduct conviction involving another minor female child.

The People have motioned to have evidence of the Defendant's prior conviction admitted in the current criminal proceedings. The People argue that the Defendant's criminal record is admissible pursuant to Guam Rule of Evidence 413 and may be used to "prove propensity to commit [a] current sex crime." The Defendant timely filed an opposition arguing that the prior

conviction should not be admitted because it is irrelevant and causes undue prejudice. Having reviewed the Rules of Evidence and the applicable case law, the Court agrees with the Defendant and will not currently permit the People to introduce evidence of the prior conviction.

## DISCUSSION

The Defendant was indicted on felony charges of *First Degree Criminal Sexual Conduct* and *Kidnapping* for allegedly coercing a six year-old girl into his home and engaging in sexual penetration with her. At the time of the alleged crime the Defendant was serving parole for an earlier criminal sexual conduct conviction involving another minor female child. The People now seek to have this conviction entered into evidence in the current criminal proceedings. The basis of the People's argument is that the conviction record is both admissible and relevant. The Defendant opposes the introduction of his conviction record, arguing that the record is not relevant and is unduly prejudicial.

The admissibility of the Defendant's prior criminal history is governed by the Guam Rules of Evidence ('GRE'). The GRE law specific to the admission of prior convictions for criminal sexual conduct states: "In a criminal case in which the defendant is accused of an offense of criminal sexual conduct, evidence of the defendant's commission of another offense or offenses of criminal sexual conduct is admissible, and may be considered for its bearing on any matter to which it is relevant." 6 GCA §413(a). Evidence of prior acts of criminal sexual conduct is therefore presumptively admissible where relevant to the current criminal case.

Admissible evidence must be both relevant and not unduly prejudicial. Rule 413 is not an isolated rule and "shall not be construed to limit the admission or consideration of evidence under any other rule." §413(c). Rule 413's presumption of admissibility is accordingly tempered by Rule 401, defining relevancy, and Rule 403, which requires courts to balance the probative

value of evidence against possible prejudice. Both the relevancy of the prior conviction and its probative versus prejudicial value to the current proceedings may be evaluated together.

The People have not explained how the Defendant's prior conviction is relevant to the current proceedings. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." 6 GCA §401. The People rely solely on the presumption of admissibility and cite to the case of *People v. Escudero* for the proposition that "Evidence of a person's commission of other sexual offenses is ordinarily relevant in a prosecution against the person for another sex crime." 107 Cal.Rptr.3d 758 (3d District 2010).

The evidence of prior assaults in *Escudero* was relevant because the charges required the prosecution to prove intent. Escudero was accused of "willfully and lewdly commit[ing] any lewd or lascivious act [ ] with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." Cal.Pen.Code §288 subd. (a). The court admitted the defendant's prior sexual assaults "as evidence of intent and absence of mistake." *Escudero* at 762. Additionally, the evidence in *Escudero* was admitted only after its relevancy was weighed against its prejudicial nature. Despite being highly prejudicial, the evidence was ultimately admitted because the earlier assaults "share significant similarities with molestations of the victim in this [current] case." *Id*. at 763. There is, however, no element of intent in the current charges against the Defendant and no significant similarities have been established between the prior conviction and the current case.

The Ninth Circuit has established a test for determining whether to admit evidence of a defendant's prior acts of sexual misconduct. The test requires judges to evaluate: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the

acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *U.S. v. LeMay*, 260 F.3d 1018, 1028 (2001) (citing *U.S. v. Guardia*, 135 F.3d 1326, 1330 (10th Cir. 1998)). The People have not analyzed the probative versus prejudicial nature of admitting the Defendant's prior conviction, nor have they addressed the factors the Court is required to consider. Because the People have not demonstrated that the prior conviction evidence is relevant, the Court need not perform the *LeMay* five factor analysis.

The People finally argue that the Defendant's prior conviction constitutes "similar-transaction" evidence. To support their argument, the People cite the case of *State v. William* to suggest that the prior conviction is admissible "to show a common scheme or plan if the offense is proximate in time, similar to the offense charged, and committed with persons similar to the prosecuting witness." 930 A.2d 753, 760 (Conn.App.Ct. 2007). In *William*, the court permitted evidence of prior assaults involving the same victim and occurring in the week preceding the assault for which the defendant was charged. The evidence was admitted because the assaults were "part of an overall plan so interconnected that proof of the uncharged crimes is part and parcel of the proof of the crime charged." *Id.* at 761.

There are insufficient facts to support the argument that the Defendant's prior conviction constitutes "similar-transaction" evidence. The People state that the two victims, the alleged victim in the current case and the victim from the prior conviction, "cannot be more similar." However, the only similarities offered to the Court are that both victims are minor, female children. The People claim that the two minors are "defendant's daughters, both of whom lived in his home at the time of the offense." Yet the record indicates that the Defendant's prior conviction involved an assault upon his cousin, whom he was not living with, while the current

allegations involve the Defendant's neighbor. Having provided no substantiated evidence that the two minors share more than gender and approximate age, the People have not provided sufficient evidence to establish that the prior conviction constitutes "similar transaction" evidence.

The Defendant's prior bad acts are not admissible because the relevancy of the conviction does not outweigh its prejudicial nature. Rule 403 allows that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." 6 GCA §403. This not been demonstrated. The People do not need the prior conviction to establish intent as the current charges do not carry an element of intent. The People have also provided insufficient grounds for establishing that the prior conviction is "similar-transaction" evidence necessary to prove a common scheme or plan.

### CONCLUSION

Based on the foregoing, the Court finds that the People have not met the burden of demonstrating that the Defendant's prior conviction is relevant evidence in the current criminal proceedings. Accordingly, the court DENIES the People's Motion to Permit Introduction of Prior Bad Acts. Further Proceedings are set for _January 18_ 2013 at 9am.

SO ORDERED, this _14th_ day of January 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JAN 1 4 2013

Teresita S. Perez
Deputy Clerk, Superior Court of Guam

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 5 of 5